SAMUEL HUTCHISON, JR.,

*vs.*

SAMUEL ROBERTS and DANIEL PALMATORY.

Kent, Sept. T. 1887.

*Sureties for different debts of same principal; doctrine of contribution does not apply.*

1. Where there are two or more sureties for the same principal debtor, or for the same debt or obligation, whether on the same or different instruments, and one of them has actually paid or satisfied more than his proportionate share of the debt or obligation, he is entitled to a contribution from each and all of his co-sureties, in order to reimburse him for the excess paid over his share, and thus to equalize the common burdens.

2. The same doctrine applies and the same remedy is given between all those who are jointly or jointly and severally liable on contract, or in the nature of contract.

3. This principle does not apply where the debt or obligation for which there are two or more sureties for the same principal debtor is not the same.

4. One or more obligees in a bond of indemnity given to three persons by a principal debtor for whom they were severally sureties, but not for the same debt or obligation, and on different instruments, according to their liability as such sureties for the principal debtor, are not liable to account in equity to their co-obligee in said bond for the sale or assignment of their individual interest in said bond of indemnity or judgment thereon, or for the money received from a purchaser of said interest for a valuable consideration.

BILL FOR CONTRIBUTION.—The facts and questions presented are fully stated in the opinion.

*C. H. B. Day,* for the complainant:

Choses in action are property. 1 Bouv. L. Dict. p. 227; Whart. L. Dict. p. 142.

Bonds and mortgages pass under the designation of goods and chattels. 2 Wms. Exrs. R. H. Small's ed. 1841, p. 853, § 4; *Anonymous*, 1 Peere Wms. 267; *Ryall* v. *Rolle*, 1 Atk. 176–182; 1 Bouv. L. Dict. 224, 563.

Bonds were not assignable at common law, but are made so by the statutes of this State. An obligation given to two or more persons is joint, and suit must be brought by them jointly during their joint lives; after the death of any of them the right accrues to the survivors and finally to the representatives of the last survivors so far as respects the enforcing the claim against the opposite party, and each is not a creditor for his separate share. Duke of York's Laws, pp. 12, 210; Colonial Laws, p. 52; 1 Del. Laws, chap. 49, p. 117; Hall, Dig. 1829, p. 42; p. 224, § 11; Code 1852, title 9, chap. 63, pp. 184, 185, §§ 8, 9; Id. chap. 105, p. 375; State Const. 1792; 1 Del. Laws, art. 6, p. 41, § 11; Const. 1831, art. 6, p. 35, § 18; 2 Poth. Obl. pp. 56–58; Whart. L. Dict. p. 103; *Lane* v. *Stacy*, 8 Allen, 41; *Doolittle* v. *Dwight*, 2 Met. 561–563; *Richardson* v. *Jones*, 1 Ired. L. 296; *Haughton* v. *Bayley*, 9 Ired. L. 337.

Bond is contract. Every contract derives its effect from the intention of the parties; that intention as expressed or inferred must be the ground and principle of every decision respecting its operation and extent, and the grand object of consideration in every question with regard to its construction. 2 Poth. Obl. p. 35, No. 5, p. 39; Story, Cont. chap. 20, §§ 633, 634; *Arlington* v. *Merricke*, 3 Saund. *412; *Liverpool Waterworks* v. *Atkinson*, 6 East, 508.

By the terms of the condition of the bond as expressed therein as follows: "Note: This bond is given as further security as my indorser on certain judgment bonds, and for the mutual benefit of each party named in the within obligation, according to liability for me as surety,"—

8

the obligees were joint owners of the bond; and all moneys received by sale and assignment or otherwise were the joint money of all of them according to their liability as indorser on certain bonds, and if one or more of them received from any source more than their proportionate part they were trustee or trustees for the others. It is immaterial whether it was the money of Mrs. Bewley or Mr. Bewley, or the money of a stranger—the doctrine of trusteeship applies. Any one or more of them could receive all or part, compromise the joint claim, release the debtor; and their co-obligees would be bound by it. Any general principle may be modified by agreement. *Dering* v. *Winchelsea*, 1 Cox, Ch. 318; *Butler* v. *Birkey*, 13 Ohio St. 514; *Tyus* v. *DeJarnette*, 26 Ala. 280; *Brown* v. *Ray*, 18 N. H. 102; *Austin* v. *Hall*, 13 Johns. 286; *Haughton* v. *Bayley*, 9 Ired. L. 347; *Fitch* v. *Forman*, 14 Johns. 172; 1 Selw. N. P. 588; *Scribner* v. *Adams*, 73 Me. 541–550; *Goodman* v. *Northcutt*, 24 Reporter, No. 1; *Doolittle* v. *Dwight*, 2 Met. 561; Pothier Obl. p. 474.

*Nathaniel B. Smithers* for the defendants.

The Chancellor.—The complainant, Samuel Hutchison, Jr., was surety for John H. Bewley, to one Tilghman Foxwell, in a judgment bond for the payment of $1,000. Samuel Roberts was surety for said Bewley to Charles Numbers in a bond, the debt of which originally was the sum of $1,000.

Daniel Palmatory was surety for said Bewley to William Sharp for the sum of $700. Bewley on the 12th day of October, 1878, executed a judgment bond to said Hutchison, Roberts and Palmatory in the sum of $3,900, conditioned for the payment to them of the sum of $1,950. In the body of the bond there was a note in the

words: "This bond is given as further security as my indorser on certain judgment bonds, and for the mutual benefit of each party named in the within obligation, according to liability for me as surety."

Judgment was entered on the bond so executed by Bewley in favor of his said indorsers on the 14th day of October, 1878. The several sureties afterwards paid the several sums of money, respectively, for which they were respectively sureties. The sum paid by Hutchison on the 13th day of July, 1882, was $1,290. Samuel Roberts, on the 12th day of December, 1881, paid the sum of $630.05 principal and interest to Charles Numbers.

Daniel Palmatory paid to William Sharp, on the 10th day of December, 1881, the sum of $875 principal and interest; and each of the sureties respectively took assignments of the evidences of their indebtedness respectively, as sureties for said Bewley.

On the 12th day of December, 1881, Daniel Palmatory assigned, transferred, and set over all his part, share, and interest in the judgment in favor of Samuel Hutchison, Jr., Samuel Roberts, and Daniel Palmatory *versus* John H. Bewley, unto Mary J. Bewley, wife of John H. Bewley, at her risk of collection, in consideration of the sum of $700, with interest thereon from October 10, 1878, that being the amount for which he, said Palmatory, was liable as surety for said John H. Bewley, and which had been paid by him.

On the same day Samuel Roberts made a similar assignment of his part, share, and interest in said judgment, for the sum of $630 (being the sum for which he was liable as surety for said John H. Bewley, to Charles Numbers), unto the said Mary J. Bewley, wife of John Bewley, expressly at her risk of collection. The judgment of Samuel Hutchison, Jr., Samuel Roberts, and Daniel Palmatory *v.* John H. Bewley, was the same

judgment recovered by them against John H. Bewley on the said bond, executed in their favor by Bewley to them as his sureties as aforesaid.

It is not disputed, but in fact admitted, that the money so paid to Palmatory and Roberts as a consideration of their respective assignments in said judgment to Mary J. Bewley was her own individual and exclusive property and money, and not the money of John H. Bewley her husband.

Hutchison has never received anything from anybody in consideration or payment of his share, part, and interest in said judgment of himself, Roberts, and Palmatory against Bewley, and has never made any assignment thereof to any person. It seems that John H. Bewley was, at the time he executed the said bond in favor of Samuel Hutchison, Jr., Samuel Roberts, and Daniel Palmatory, and is now, insolvent. In his bill filed in this case Hutchison, the complainant, prays:

"1. That the said Samuel Roberts may be decreed a trustee for your orator for the sum of $178.26, with interest thereon from the 12th day of December, 1881; and that the said Samuel Roberts be decreed to pay to your orator the said sum of $178.26, with interest thereon from the 12th day of December, 1881.

"2. That the said Daniel Palmatory may be decreed a trustee for your orator for the sum of $247.56, with interest thereon from the 12th day of December, 1881; and that the said Daniel Palmatory be decreed to pay to your orator the said sum of $247.56, with interest thereon from the 12th day of December, 1881.

"3. That the said Samuel Roberts and Daniel Palmatory may be decreed trustees for your orator for the sum of $425.82, with interest thereon from the 12th day of December, 1881; and that the said Samuel Roberts and Daniel Palmatory be decreed to pay to your orator the

said sum of $425.82, with interest thereon from the 12th day of December, 1881.

"4. That the said Samuel Roberts may be decreed a trustee for your orator, for the excess he received beyond his just and equitable *pro rata* share or part which shall be found in the determination of this cause; and that he be decreed to pay the same to your orator, with interest thereon from the 12th day of December, 1881.

"5. That the said Daniel Palmatory may be decreed a trustee for your orator, for the excess he received beyond his just and equitable *pro rata* share or part which shall be found in the determination of this cause; and that he be decreed to pay the same to your orator, with interest thereon from the 12th day of December, 1881.

"6. That the said Samuel Roberts and Daniel Palmatory may be decreed trustees for your orator, for the excess they received beyond their just and equitable *pro rata* shares or parts which shall be found in the determination of this cause; and that they be decreed to pay the same to your orator, with interest thereon from the 12th day of December, 1881.

"7. That the complainant may have such further or other relief as the nature of the case may require."

The contention of the counsel for the complainant, if I properly understand him, is that the bond to Hutchison, Roberts, and Palmatory being joint, any payment by anybody for any interest therein, or as a consideration for the assignment of any interest therein, by any of the obligees therein, necessarily enures to the benefit of all the obligees in *pro rata* proportions, or according to their respective interests therein, as the several sureties of the said John H. Bewley. His idea seems to be that the bond itself being property, anything received on account of any interest therein must be applied equitably for the benefit of all the obligees.

Now it is true that in one sense the bond executed by Bewley, in favor of Hutchison, Roberts, and Palmatory is property, but property not in Bewley, but the obligees in said bond; it is what is called a chose in action. As such it is payable to, assignable by, and descendible from, the obligees, beneficially, according to the interests of each therein.

It is no property of John H. Bewley, nor assignable by nor transmissible from him. It is a burden or obligation upon him which is legally enforcible against any estate he may have or acquire; and in case of his death, remaining unpaid, it would not be assets of his estate, but would constitute a debt which the assets of his estate would be bound to pay.

The only effect of the assignment of his interest in the judgment against Bewley by Roberts to Mrs. Bewley was the substitution of her in his place, or rather to his interest therein as his assignee. The same may be said in respect to the assignment by Palmatory to her. These assignments in no respect operate as a payment by John H. Bewley, or discharge his obligation to pay any part of said judgment to any person entitled to any interest therein, whether as an original obligee or as an assignee of such obligee. The obligation of Mr. Bewley remains the same as to amount of payment on said judgment as it was at the time of the confession thereof. The beneficial interests therein have only in part been changed by the assignments made by two of the obligees to Mrs. Bewley at her own risk; so that since the assignments the beneficiaries in any money which may be received on said judgment are Samuel Hutchison, Jr., and Mary J. Bewley, and not Samuel Hutchison, Jr., Samuel Roberts, and Daniel Palmatory.

But this in no manner affects the share and interest which Mr. Hutchison will be entitled to receive out of

the moneys which may be received hereafter from John Bewley or his estate on said judgment.

I do not understand that it was denied in the argument that each of the obligees in said bond had such a beneficial interest therein as was in equity assignable. Indeed, no question could have been raised in this respect. The right is too clear to be questioned. The only contention is whether or not Mr. Hutchison, the complainant, is entitled in equity to have a *pro rata* share, according to the condition of the bond from Bewley to Hutchison, Roberts, and Palmatory, of the money received by Roberts and Palmatory from Mrs. Bewley, as their assignee. If Hutchison is so entitled, it must be upon the equitable principle of contribution among individuals, subject to a common burden, and where one bears more than his proper share thereof.

This right of contribution in equity may be thus described: Where there are two or more sureties for the same principal debtor and for the same debt or obligation, whether on the same or on different instruments, and one of them has actually paid or satisfied more than his proportionate share of the debt or obligation, he is entitled to a contribution from each and all his cosureties, in order to reimburse him for the excess paid over his share, and thus to equalize their common burdens.

The same doctrine applies and the same remedy is given between all those who are jointly and severally liable on contract or obligation in the nature of contract. The right, however, may be controlled or modified by express agreement among the cosureties or debtors. This doctrine of contribution rests upon the maxim, "Equality is equity."

Although contribution is based upon general considerations of justice, and not upon any notion of an implied promise, a jurisdiction at law has become well settled

which is sufficient in all ordinary cases of suretyship or joint liability.

The equitable jurisdiction, however, still remains and has some important advantages. All the cosureties and the principal debtor being parties to the equity suit, the liabilities of each, and their exoneration by the principal debtor, can be adjusted and established by a single decree. If one or more of the cosureties are insolvent, the plaintiff can in equity obtain a proportionate increase of contribution from the others that are solvent. It seems, however, that the surety must first resort to the principal debtor, and that he can only compel contribution in equity when he has failed to obtain exoneration from the principal. In the case before me, however, it is admitted that John Bewley is insolvent. While the right to contribution exists among sureties, exoneration exists as against the original debtor; and hence it follows that the payment made by the principal debtor to one or more of the sureties, or any assignment or receipt by such, of the lands, goods, chattels, rights, or credits of the principal debtor, will enure to the benefit equally of the other cosureties to whom such an assignment or transfer has not been made; and they will be entitled to contribution by the sureties to whom such assignment or transference may have been made. See 3 Pom. Eq. Jur. § 1418, and notes, where the authorities are very numerously cited.

These principles conclusively show that the money, property, and effects which have been received by one cosurety in discharge or payment of a debt of a principal or towards a relief from the payment of such debt must be the money, property, and effects of the principal debtor, and not those of a purchaser of an interest due in an obligation by the principal to the sureties or other persons.

It is not even suggested in the present case that either

Roberts or Palmatory has ever received any money, property, or effects of John Bewley, the principal debtor, towards the payment of the principal debt or towards their relief for the payment of the same debt or obligation. And it cannot be contended, successfully at least, that the money or other effects of Mrs. Bewley was subject to the payment of any debt of John Bewley. She had a perfect right to do what she pleased with her own; to throw it away; to give it away; or purchase from any one any property or debt to which such person might be entitled, even these two sureties, Roberts and Palmatory, in an obligation due by her husband to Hutchison and themselves; and no principle of equity as administered in equitable tribunals can compel them to share the amount so received by them from her.

The bill of complaint is dismissed.